This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.            **NO. 30,619**

**ANTHONY YAZZIE,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert Aragon, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

 After consuming a large quantity of alcohol, Defendant drove his vehicle at high speed into a utility pole, killing two passengers and seriously injuring the third.

Defendant was subsequently convicted of negligent child abuse resulting in death, vehicular homicide, reckless driving resulting in great bodily injury, and driving while intoxicated. The issues on appeal include a challenge based on the Confrontation Clause, a challenge to the sufficiency of the evidence, and a question of fundamental error relating to one of the jury instructions. For the reasons that follow, we conclude that any evidentiary error was harmless, the convictions are supported by substantial evidence, and the deficiency in relation to the jury instruction does not rise to the level of fundamental error. We therefore affirm.

**BACKGROUND**

The accident occurred on September 2, 2007. Throughout the day, Defendant and three friends, Travis Coulston (Travis), Dewayne Lee (Dewayne), and Jackson Nez (Jackson), consumed a significant quantity of alcohol. After attending a social function, they climbed into Defendant's vehicle, and Defendant "peeled out" as they departed. Shortly thereafter, they collided with a utility pole. The vehicle was traveling at a speed of nearly eighty miles per hour, the engine was operating at almost full throttle, and the brakes were never applied. Travis and Dewayne, who had been seated on the passenger side of the vehicle, were both pronounced dead at the scene. Defendant, who had been driving, and Jackson, who had been in the back seat behind Defendant, both survived, although Jackson was seriously injured.

At trial, the State called numerous witnesses who provided testimony about the events on the day of the accident, the conditions at the scene, and the subsequent investigation. When Defendant took the stand, he admitted that he was responsible for the accident and the resultant injuries to Jackson and the deaths of Dewayne and Travis. Ultimately, the jury found Defendant guilty on all counts. This appeal followed.

**DISCUSSION**

**Admission of Evidence Concerning Autopsies**

At trial, the State called Dr. Zumwalt to testify about the autopsies performed on Dewayne and Travis. Defendant objected on the ground that this testimony would violate his right to confrontation because Dr. Zumwalt had not performed the autopsies himself. The objection was overruled, and Dr. Zumwalt relayed the content of the autopsy reports to the jury, including the findings, opinions, and conclusions of the non-testifying pathologist.

On appeal, the State effectively concedes that Dr. Zumwalt's testimony should have been excluded. Although we are not bound by the State's concession, *State v. Foster*, 1999-NMSC-007, ¶ 25, 126 N.M. 646, 974 P.2d 140, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683, we note that recent authority provides support for it. *See State v. Jaramillo*, 2012-NMCA-029,

3

¶ 15, 272 P.3d 682 (holding that an autopsy report prepared by an absent pathologist was improperly admitted as evidence in violation of the defendant's confrontation rights); *see also State v. Cabezuela,* 2011-NMSC-041, ¶¶ 48-52, 150 N.M. 654, 265 P.3d 705 (discussing the admissibility of testimony from a pathologist who had been present at the autopsy, but had not performed it and relied on records prepared by the other doctor).  However, we agree with the State that it is unnecessary to conclusively determine whether a Confrontation Clause violation occurred in this case because any error was harmless.  *See generally Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 (observing that courts should decide cases on the narrowest possible grounds and avoid reaching unnecessary constitutional issues).

Our Supreme Court recently clarified that an apparent constitutional error is harmless if "there is no reasonable possibility the error contributed to the jury's decision to convict [the d]efendant."  *State v. Tollardo*, 2012-NMSC-008, ¶ 45, 275 P.3d 110;  *see State v. Zamarripa*, 2009-NMSC-001, ¶ 52, 145 N.M. 402, 199 P.3d 846 ("When a statement is admitted in violation of the Confrontation Clause, we next inquire into whether the error was harmless [and, t]o preclude reversal, the error must be harmless beyond a reasonable doubt." (citations omitted)).  In this context, we must "evaluate all of the circumstances surrounding the error[,]" including "the source of the error and the emphasis placed upon the error."  *Tollardo*, 2012-NMSC-008, ¶ 43.

4

Evidence of guilt separate from the error may also be relevant, particularly because such evidence may indicate what role the error may have played in the trial proceedings. *Id.* Review may also properly incorporate examination of "the importance of the [erroneously admitted evidence] in the prosecution's case, as well as whether the [error] was cumulative or instead introduced new facts." *Id.* (alterations in original) (internal quotation marks and citation omitted).

In this case, Dr. Zumwalt's testimony about the autopsies of Travis and Dewayne supplied a medical description of the specific injuries that they suffered "as well as the performing pathologist's conclusions that these injuries caused their deaths." However, both the injuries suffered and the cause of death were separately addressed by other witnesses. Several law enforcement officers and emergency medical responders testified to what they had observed. The specifics do not require repetition here; suffice it to say that these witnesses described the appalling carnage at the scene, including the readily apparent and patently fatal injuries suffered by the decedents as a consequence of the accident. In this regard, the only supplemental information that Dr. Zumwalt appears to have provided concerned additional internal injuries. With respect to the cause of death, the senior medical investigator for McKinley County testified to his own independent observations and informed the jury that he had pronounced both Travis and Dewayne dead at the scene. Finally,

Defendant admitted on the stand that he was responsible for Travis's and Dewayne's deaths.

In summary, Dr. Zumwalt's testimony about the autopsies was almost entirely cumulative. Given the undisputed evidence separately supplied by other witnesses, which clearly indicated that Travis and Dewayne had died as a result of the accident, we fail to see any reasonable possibility that Dr. Zumwalt's testimony contributed to the jury's verdicts. Defendant's vague suggestion that this testimony "moved the jurors' focus away from . . . intent towards causation" is unpersuasive. We therefore conclude that any error associated with the admission of Dr. Zumwalt's testimony was harmless beyond a reasonable doubt.

**Sufficiency of the Evidence**

Next, Defendant challenges the sufficiency of the evidence to support his various convictions, specifically contending that his intoxication should be deemed inconsistent with any determination that he acted with criminal intent. To the extent that Defendant's argument goes to the effect of voluntary intoxication upon the offenses charged, we apply de novo review. *Cf. State v. Dickert*, 2012-NMCA-004, ¶ 22, 268 P.3d 515 (observing that whether there was evidence to support intoxication as a defense is reviewed de novo), *cert. denied*, 2011-NMCERT-___, ___ P.3d ___ (Nos. 33, 295 and 33,297, Dec. 6, 7, 2011).

6

In New Mexico, voluntary intoxication is only relevant to specific intent crimes and offenses requiring subjective knowledge. *State v. Brown*, 1996-NMSC-073, ¶¶ 22, 27, 122 N.M. 724, 931 P.2d 69. Voluntary intoxication has no bearing upon general intent crimes or strict liability offenses. *See id.* ¶ 22 (observing that evidence of voluntary intoxication is not admissible in relation to general intent crimes); *see also State v. Gurule*, 2011-NMCA-042, ¶ 18, 149 N.M. 599, 252 P.3d 823 (explaining that "intoxication is not a defense to a strict liability crime because it is irrelevant in the strict liability context as to whether the defendant had intent to commit the prescribed act").

Defendant was convicted of negligent child abuse resulting in death, vehicular homicide, reckless driving resulting in great bodily injury, and DWI. Among these, vehicular homicide and reckless driving resulting in great bodily injury are general intent crimes. *See State v. Marquez*, 2010-NMCA-064, ¶ 12, 148 N.M. 511, 238 P.3d 880. As charged in this case, DWI (past driving while impaired to the slightest degree) is a strict liability offense. *See State v. Sims,* 2010-NMSC-027, ¶ 24, 148 N.M. 330, 236 P.3d 642. Accordingly, Defendant's voluntary intoxication in no way diminishes the sufficiency of the evidence to support his convictions for vehicular homicide, reckless driving resulting in great bodily injury, and DWI.

The offense of negligent child abuse is not a specific intent crime. *See State v. Herrera,* 2001-NMCA-073, ¶ 12, 131 N.M. 22, 33 P.3d 22 ("[O]ne cannot have specific intent to commit negligent child abuse."). The requisite mens rea requires proof that the defendant knew or should have known that his or her conduct created a substantial and foreseeable risk to a child, which the defendant recklessly disregarded. *See* UJI 14-602 NMRA; *State v. Arrendondo*, 2012-NMSC-013, ¶ 25, 278 P.3d 517. To the extent that this incorporates an objective standard, *see State v. Chavez*, 2009-NMSC-035, ¶ 45, 146 N.M. 434, 211 P.3d 891, it does not fall within the small class of subjective-knowledge offenses for which voluntary intoxication may supply a defense.

In summary, because none of the offenses at issue require specific intent or subjective knowledge, Defendant's voluntary intoxication in no way diminishes the sufficiency of the evidence to support his convictions. We therefore reject Defendant's second assertion of error.

**Jury Instruction on Negligent Child Abuse Resulting in Death**

Finally, Defendant presents an issue relative to the adequacy of the jury instruction on negligent child abuse resulting in death. The parties agree that the instruction actually given is deficient because it fails to incorporate the requirement that Defendant knew or should have known that his conduct created a substantial and

8

foreseeable risk to Travis specifically. This requirement stems from recent authority, in which this Court clarified that "a discernable risk of danger to a particular child or particular children is required to support a conviction for negligent child abuse by endangerment" and further held that "for a defendant to be criminally liable for child abuse by endangerment, he or she must be aware of a particular danger to the identifiable child or children when engaging in the conduct that creates the risk of harm." *State v. Gonzales*, 2011-NMCA-081, ¶ 1, 150 N.M. 494, 263 P.3d 271, *cert. granted*, 2011-NMCERT-008, 268 P.3d 514.

Because this issue was not preserved at the trial level, we review for fundamental error. *State v. Sandoval*, 2011-NMSC-022, ¶ 15, 150 N.M. 224, 258 P.3d 1016. Generally, the omission of an essential element from a jury instruction constitutes fundamental error. *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72. "There is, however, an exception to this general rule that failure to include an essential element in an instruction for a crime constitutes fundamental error. This exception applies when the element that was omitted from the instruction was not at issue in the trial." *State v. Lopez*, 1996-NMSC-036, ¶ 11, 122 N.M. 63, 920 P.2d 1017; *see Sutphin*, 2007-NMSC-045, ¶ 16 ("[F]undamental error does not occur if the jury was not instructed on an element not at issue in the case. Likewise, when there can be no dispute that the omitted element was established, fundamental

9

error has not occurred and reversal of the conviction is not required." (citation omitted)).

We conclude that this case falls within the exception because the undisputed evidence clearly established that Defendant knew or should have known that his conduct created a substantial and foreseeable risk to a child (specifically, Travis). As described in preceding sections of this opinion, a number of witnesses testified to the events surrounding the fatal accident, including the very high speed at which Defendant was driving and Defendant's prior consumption of a significant quantity of alcohol. Evidence was also presented indicating that Defendant knew or should have known of Travis's presence because Travis was riding in the rear passenger seat of Defendant's vehicle. *Cf. Gonzales*, 2011-NMCA-081, ¶¶ 4, 32 (reversing a conviction for negligent child abuse resulting in death because no evidence was presented to indicate that the defendant knew or should have known of the presence of minors in *another* vehicle). Finally, evidence was presented indicating that Travis was a minor, and Defendant's awareness of Travis's age was never an issue.

In his reply brief, Defendant disputes none of the foregoing. Instead, Defendant contends that the omission from the jury instruction should be regarded as fundamental error in light of Defendant's testimony that he was so intoxicated he did not remember Travis getting into the car. However, as described in the preceding

section of this opinion, the applicable standard is an objective one. *See* UJI 14-602; *Arrendondo*, 2012-NMSC-013, ¶ 25. The offense of negligent child abuse resulting in death does not require evidence of Defendant's subjective knowledge. Accordingly, in light of the clear and uncontroverted evidence that Travis was seated with Defendant in the vehicle at the time of the accident, Defendant's claim of ignorance by virtue of voluntary intoxication is immaterial. We therefore conclude that the jury instruction does not rise to the level of fundamental error.

**CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**MICHAEL E. VIGIL, Judge**